FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 30 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03074-LTB

WILLIAM MAUNZ,

    Plaintiff,

v.

[NO DEFENDANT NAMED],

    Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, William Maunz, filed *pro se* on March 28, 2011, a "Motion to Reconsider/Motion for Stay of Proceedings Fed. R. Civ. P. 62" (Doc. #13) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 21, 2011. The Court must construe the motion to reconsider liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment and who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Maunz's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

The Court dismissed the instant action without prejudice because Mr. Maunz failed to cure all of the deficiencies he was directed to cure in an order entered on January 5, 2011. More specifically, despite being granted a thirty-day extension of time to cure the deficiencies on February 11, 2011, Mr. Maunz failed to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed **in forma pauperis** pursuant to 28 U.S.C. § 1915 and failed to file a Prisoner Complaint.

Mr. Maunz raises two arguments in the motion to reconsider, and he has attached to the motion to reconsider a copy of his inmate trust fund account statement that does not appear to be certified by a jail official. Mr. Maunz first contends, without

any coherent explanation, that the "order for dismissal is hypocritical and prejudice." (Doc. #13 at 2.) He also contends that he submitted a motion for an extension of time to cure the deficiencies beyond the thirty-day extension of time granted on February 11. However, the Court's docketing records do not indicate that any motion for extension of time was filed in the instant action after the initial extension of time was granted on February 11.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Maunz fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Therefore, the motion to reconsider will be denied. Mr. Maunz is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Maunz wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the "Motion to Reconsider/Motion for Stay of Proceedings Fed. R. Civ. P. 62" (Doc. #13) filed on March 28, 2011, is denied.

DATED at Denver, Colorado, this __30th__ day of ___March___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03074-BNB

William Maunz
Prisoner No. 457517
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 30, 2011.

                                             GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                    Deputy Clerk